IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA MARIE EYAJAN, ) | |
| ) | |
| Appellant, ) | Case No. 1:21-cv-318 |
| v. ) | |
| ) | |
| CHAPTER 7 TRUSTEE ) | |
| JOSEPH B. SPERO, ) | |
| ) | |
| Appellee. ) | |

### MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

The within civil action is before the Court on Appellant/Debtor Sheila Marie Eyajan's appeal from an Order of the Bankruptcy Court entered on October 12, 2021. *See* ECF No. 1 and ECF No. 1-1 at 3-4. For the reasons that follow, the instant bankruptcy appeal will be dismissed as frivolous and untimely.

I.  **Background**

Appellant/Debtor Sheila Marie Eyajan ("Eyajan") filed a *pro se* Chapter 7 bankruptcy petition on April 30, 2021. As a result, an automatic stay arose by operation of 11 U.S.C. §362(a). The automatic stay has remained in effect since the initiation of Eyajan's bankruptcy proceedings.

Notwithstanding this, Eyajan filed a "Motion to Impose a Stay" on September 21, 2021. *See* ECF No. 2-3 at 5-6. Therein, Eyajan acknowledged that she owed back taxes on three properties located at (a) 10106 Station Road in North East, Pennsylvania; (b) 3329 Lincoln Drive in Ashtabula Ohio; and (c) 1708-1710 East Prospect Road in Ashtabula, Ohio. Eyajan

1

represented that the Station Road property was scheduled for an upset tax sale on September 27, 2021, and a "prosecutor [had] filed a Motion to [E]nter a Default Judgment to petition to sell" the Ashtabula properties. Eyajan requested imposition of a "Bankruptcy Stay" so as to prevent the upset tax sale of the Station Road property and the judgment and sale of the Ashtabula properties and allow her time to complete arrangements to satisfy the respective tax delinquencies. *Id.*

On September 30, 2021, the Erie County Tax Claim Bureau (the "Bureau") filed a response to Eyajan's Motion to Impose Stay in which it denied that the Station Road property was currently scheduled for an upset tax sale. ECF No. 2-3 at 13-16. According to the Bureau, the Station Road property "was pulled from the tax sale early in the sale process due to the Bankruptcy filing." *Id.* at 14, ¶8. Consequently, the property was not included in any newspaper or legal journal publications regarding the tax sale and was not posted for sale, nor did Eyajan receive any personal service regarding the sale. *Id.* In fact, by the time the Bureau filed its response, the date of the tax sale had already passed.

United States Bankruptcy Judge Thomas P. Agresti held a hearing on Eyajan's motion on October 7, 2021. During the hearing, the Bureau's attorney reiterated that the Station Road property had been removed from the tax sale list upon Eyajan's filing of her bankruptcy case. *See* Hrg. Tr. at 3:20-4:1, ECF No. 10-1 at 3-4. Eyajan was present for the hearing via the Zoom Hearing Platform and was therefore privy to the Bureau's representations. *See* ECF No. 10-1.

Following the hearing, the Bankruptcy Court issued its October 12, 2021 ruling denying Eyajan's Motion to Impose a Stay on mootness grounds. ECF No. 1-1 at 3-4. In its order, the Bankruptcy Court characterized Eyajan's motion as "baseless" and noted that, contrary to her prior representations, the Station Road property "[i]n reality . . . was never up for sale." ECF No. 1-1 at 3. Twenty-three (23) days later, on November 4, 2021, Eyajan filed a notice of appeal

from the Bankruptcy Court's order denying her Motion to Impose a Stay. ECF No. 1; ECF No. 1-1 at 1.

Thereafter, on November 29, 2021, Judge Agresti issued a certification, pursuant to 28 U.S.C. §1915(a)(3), that Eyajan's appeal was not taken in good faith. ECF No. 2-3. In the interim, Plaintiff had filed in this Court a motion for leave to proceed with the instant appeal *in forma pauperis*. ECF No. 3. That motion was granted, improvidently, by text order dated December 7, 2021. ECF No. 4.

**II.    Discussion**

*A. Eyajan's Appeal is Untimely.*

Under the Federal Rules of Bankruptcy Procedure and 28 U.S.C. 158(c)(2), a party has 14 days within which to appeal an adverse ruling by the Bankruptcy Court to the District Court. Fed. R. Bankr. P. 8002(a)(1). Under prevailing Third Circuit law, this prescribed time period is jurisdictional; filing a timely notice of appeal is therefore a mandatory prerequisite which must be satisfied before the District Court may hear the appeal. *See In re Nationwide Ambulance Servs., Inc.*, 855 F. App'x 105,105 (3d Cir. 2021) ("The taking of a civil appeal 'within the prescribed time is mandatory and jurisdictional.'") (quoting *Bowles v. Russell*, 551 U.S. 205, 209 (2007)); *see also In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011) ("Section 158(c)(2) [of title 28] established a mandatory, jurisdictional deadline that statutorily encompasses Rule 8002(a)'s specified timeline for appealing the judgment of a bankruptcy court, such that the timeline is not akin to a freestanding, waivable claim-processing rule[.]") (internal quotation marks omitted); *see also Nationwide Ambulance Servs.,* 855 F. App'x at 105 n.2 (noting that *In re Caterbone* remains valid law in this circuit, despite the existence of rulings to the contrary by various other

circuit courts of appeals). "The Bankruptcy Court may extend the time to appeal if the party moves within the 14-day appeal period, or if within 21 days thereafter the party moves to extend the time to appeal and shows excusable neglect." *Nationwide Ambulance Servs.*, 855 F. App'x at 105-06 (citing Fed. R. Bankr. P. 8002(d)(1)).

In this case, the Bankruptcy Court's challenged ruling was issued on October 12, 2021. ECF No. 1-1 at 3-4. Eyajan did not file her notice of appeal until twenty-three (23) days later, on November 4, 2021. See ECF No. 1-1 at 1. Her appeal was therefore untimely unless she sought an extension of time within three weeks of the 14-day appeal deadline and showed "excusable neglect" for her delinquency. Fed. R. Bankr. P. 8002(d)(1).

A review of the record shows that Eyajan has not done so. On November 5, 2021, Eyajan submitted a document which the Bankruptcy Court construed as a motion to extend the deadline for filing an appeal. ECF No. 1-1 at 2 (Bankr. Doc. No. 76); *id.* at 13-16. By order entered November 10, 2021, the Bankruptcy Court concluded that Eyajan's motion failed to show excusable neglect in that it contained vague allegations about Eyajan being incapacitated by a covid infection but contained no evidentiary proof of a positive Covid-19 test; in addition, the motion indicated that Eyajan was not diagnosed with Covid-19 until 5 days after her appeal deadline had passed. ECF No. 1-1 at 17-20. The motion also alleged that Eyajan had not received a copy of the October 12, 2021 Order which is the subject of this appeal; however, the BNC Certificate of Mailing showed that the Order had been sent to her address of record. *Id.* Based on these deficiencies, the Bankruptcy Court decided to hold an evidentiary hearing "to determine whether the Debtor meets the excusable neglect standard which would allow the Court to extend the appeal deadline." ECF No. 1-1 at 18. The Bankruptcy Court expressly "advised and cautioned" Eyajan "that only the record created at the evidentiary hearing will be considered

in ruling on [her Motion to Extend Deadline for Filing Appeal]." *Id.* With that admonition, the Bankruptcy Court scheduled a videoconference hearing (via Zoom) for November 22, 2021 and directed Eyajan to submit her witness and exhibit list on or before November 17, 2021. *Id.* at 19-20.

Ultimately, Eyajan failed to file her witness/exhibit list and also failed to appear at the November 22, 2021 evidentiary hearing. ECF No. 2-3 at 3, ¶10; *id.* at 25. Counsel for the Erie County Tax Claim Bureau *did* appear, however, and again represented to the Bankruptcy Court that the Station Road property is not currently scheduled for tax sale and will not be so scheduled until the fall of 2022, at the earliest. ECF No. 2-3 at 3, ¶10. The Bureau's attorney acknowledged that, if the automatic stay were still in place at that time, the Bureau would need to seek relief from stay before the property could be placed on the tax sale list. *Id.* On November 23, 2021, the Bankruptcy Court issued an Order denying Eyajan's motion to extend the appeal period. *Id.* at 3, ¶11; *id.* at 25, 27.

After the Bankruptcy Court issued its November 23, 2021 Order, it learned that Eyajan had dropped off a motion for leave to proceed *in forma pauperis* at the Courthouse at 4:58 p.m. on November 22, 2021, despite having failed to attend the evidentiary hearing scheduled for that day. ECF No. 2-3 at 3, ¶12. The Bankruptcy Court subsequently certified that Eyajan's appeal to the District Court was not taken in good faith, for the following reasons:

> (a) The relief which the Debtor was denied, and which is the subject of the appeal is the imposition of a stay, but such relief is moot since the automatic stay is already in place, and has been, and if such stay is being violated in any way the Debtor has available means of relief in the Bankruptcy Court;
>
> (b) With particular respect to the threatened tax sale of her property at 10106 Station Rd., the property was pulled from the tax sale list once the bankruptcy case was filed, and as a result, was not exposed to the sale or sold as part of the September 27, 2021 tax sale date. It is no longer even on the tax sale list at this time;

(c) The Debtor was aware of these facts at the time she filed her Notice of Appeal and therefore was aware that the appeal lacks any basis; and

(d) The Debtor is aware, in any event, that her Notice of Appeal was untimely, as evidenced by the Motion to Extend that she filed, but she made no appearance at the evidentiary hearing to attempt to show that the time for appeal should be extended, resulting in a denial of said motion.

*Id.* at 3, ¶13.

Based upon the foregoing facts, the Court finds that Eyajan's appeal from the Bankruptcy Court's Order of October 12, 2021 is untimely. Eyajan's notice of appeal was not filed within the proscribed 14-day period following the Bankruptcy Court's issuance of the challenged order. Instead, her appeal was filed some 23 days after the order was issued, and she has failed to establish that excusable neglect caused the delinquency. For this reason alone, her appeal must be dismissed.

    B. *Eyajan's Motion for Leave to Proceed In Forma Pauperis Was Improvidently Granted and, In Any Event, the Instant Appeal is Frivolous.*

Pursuant to 28 U.S.C. §1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without the prepayment of fees or security therefor by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefore." In accordance with subsection 1915(a)(3), however, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3).

Here, Judge Agresti has submitted a certification that the instant appeal was not taken in good faith for the reasons enumerated above. Upon careful review of the Bankruptcy Judge's reasoning, the undersigned discerns no error of law or fact in Judge Agresti's analysis. The undersigned therefore concurs that the instant appeal was not taken in good faith. Unfortunately,

6

the Court inadvertently granted Eyajan's motion for leave to proceed *in forma pauperis* without proper consideration of the Bankruptcy Judge's §1915(a)(3) certification. Having now fully reviewed that certification, this Court concludes that its prior granting of *in forma pauperis* status was erroneous. Thus, the instant case is independently subject to dismissal to the extent that Eyajan is unable to pay the required filing fees.

Nevertheless, even if this Court were to leave intact its order granting Eyajan *in forma pauperis* status, the instant appeal would be subject to dismissal on the merits. Under the provisions of 28 U.S.C. §1915(e)(2)(B)(i), courts are required to dismiss any action or appeal that is frivolous or malicious. A claim or appeal is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In this case, Eyajan has filed a frivolous appeal that is predicated upon an indisputably meritless request for relief. In essence, she has asked for imposition of a stay that was already in existence and that will remain in existence for an indeterminate period of time. In addition, her concerns about an impending sale of her Station Road property is patently unfounded. Accordingly, the Bankruptcy Court properly dismissed Eyajan's Motion for Imposition of a Bankruptcy Stay as moot. Eyajan lacked any credible basis for appealing that ruling. For the reasons stated in the Bankruptcy Court's certification under 28 U.S.C. §1915(a)(3), there is no merit to the instant appeal which, as discussed, is untimely in any event. Consequently, the instant appeal must be summarily dismissed.

### III. Conclusion

Based upon the foregoing reasons, the within civil action will be dismissed for lack of jurisdiction. An appropriate Order follows.

_Susan Paradise Baxter_
Susan Paradise Baxter
United States District Judge